# EPHRAIM SAVITT
*Attorney at Law*

TRINITY BUILDING
111 BROADWAY · SUITE 701
NEW YORK, NEW YORK 10006

(212) 679-4470
FAX: (212) 679-6770
EPHRAIM@SAVITTESQ.COM

October 22, 2009

*VIA ECF*
Honorable Kiyo Matsumoto
United States District Judge
225 Cadman Plaza
Brooklyn, NY 11201

      Re:    **United States v. Kissone Frederick**
             **09 CR 258 (KAM)**

Dear Judge Matsumoto:

      On behalf of defendant Kissone Frederick, I respectfully request the Court to exclude extrinsic evidence of other alleged robberies and gun possessions, as well as evidence of his prior state court guilty plea to a "lesser included" attempted robbery offense with respect to the card shop robbery charged in Count Four of the indictment. Although the government's October 20, 2009 submission is not only well written, but, from the prosecution's perspective, is also well-reasoned, the Court should respectfully decline to allow the evidence of Frederick's prior guilty plea and evidence relating to uncharged crimes.

      a.    <u>The State Court Guilty Plea</u>:

      On October 3, 2001, Frederick pled guilty to a lesser-included offense of attempted robbery in the second degree, in full satisfaction of all the state charges relating to the armed robbery of the card shop, as well as to unrelated drug charges. He was

1

sentenced to a 52-60 month prison term, of which he has already served approximately 3 ½ years.

It is certainly true that a defendant's prior sworn statement is an admission by a party-opponent and, as such, non-hearsay (Fed. R. Evid. 801(d)(A)). Yet, the admissibility of the state plea and Frederick's plea allocution under evidentiary rules does not end the inquiry. Indeed, in a case where the government, according to its submission, has overwhelming evidence of the defendant's guilt of the charged crimes, it seems that, under Fed. R. Evid. 403, introduction of a "lesser included" guilty plea as evidence of the defendant's guilt of the card shop robbery charged in Count Four, "although relevant," should nevertheless be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or needless presentation of cumulative evidence." Id.

The latter consideration is self-evident, given the government's pronouncement of the overwhelming nature of its case as to Count Four. The danger of unfair prejudice and juror confusion is manifest in this case, where the government has decided to prosecute a defendant twice for the same offense, especially under its professed Petite Policy exclusion because a claimed "substantial federal interest has not been vindicated." Given the fact that the government decided to pursue Frederick again in a Hobbs Act prosecution despite his prior state court disposition as to the card store robbery, it cannot, at the same time, claim a manifest need to introduce the defendant's prior plea allocution without unfairly prejudicing him in the eyes of the jury to make his conviction on Count Four virtually automatic.

The "domino effect" of the automatic conviction on Count Four will lead inexorably to Frederick's conviction of the other charges. The spillover effect of such evidence will cause the jury to conclude that Frederick must be guilty of the accompanying firearms charge in Count Five. It will likely result in a reflexive decision by the jury to find Frederick guilty of the Hobbs Act conspiracy charged in Count One. Such evidence is also likely to factor prominently in the jury's determination to convict Frederick of the check-cashing store attempted robbery charge in Count Two and the related firearms charged in Count Three, especially given the fact that both the card store and check-cashing robberies occurred in close time and geographical proximity on the same day in May 2006. Finally, it will seal Frederick's conviction as a felon in possession, as charged in Count Six.

Plainly, Rule 403 is designed to eliminate such an unfairly prejudicial result. The government, by its own admission, has more than enough "fairly prejudicial" evidence to introduce at trial in its effort to convict the defendant. Evidence of his prior guilty plea and his plea allocution should therefore be excluded.

    b.    <u>The Uncharged Crimes</u>:

The government desires to introduce Frederick's history of violence, including other robberies, assaults and gun possessions. Frederick entered guilty pleas in May 2005 to a misdemeanor gun charge and a felony robbery charge. He was sentenced and served a year in a state facility. Although, at first blush, it appears reasonable to allow the government to introduce evidence of Frederick's uncharged offenses under the <u>Huddleston</u> test and the precedents cited in the government's submission, a closer analysis discloses that its argument does not rise above superficial appeal.

3

The government's stated justification for permitting the extrinsic evidence pursuant to Fed.R.Evid. 404(b) is that it is relevant to prove the defendant's "knowledge and intent." Plainly, this argument would have some merit had the case lent itself to the defense of lack of knowledge or intent. It does not. Either Frederick committed the charged offenses, or he did not. To argue that he committed two robberies on the same date, with the use or constructive possession of a firearm, but did not have the requisite knowledge and intent would only make sense if we were interposing an insanity defense, which we are not, or were engaging in metaphysical semantics, which we are not.

The government is certainly correct that extrinsic evidence should not be introduced unless the defense opens the door to a claimed lack of knowledge or intent in its opening statement or in presenting evidence at trial. Frederick's defense is that he did not commit the charged offenses - plain and simple. This, in itself, cannot open the door to Rule 404(b) evidence, as the government contends.

Instead, the government's intended extrinsic evidence of other crimes, although perhaps no more "sensational" than those charged, does not address any of the Rule 404(b) permissible categories. Instead, the only result of admitting the proffered extrinsic evidence will be as "evidence of a person's character or a trait of character for violence…for the purpose of proving action in conformity therewith on a particular occasion," which Rule 404(a) expressly prohibits.

As to the government's contentions with respect to cross-examining the defendant, should he decide to testify, I respectfully suggest that we can "cross that bridge" if we ever get there.

I thank Your Honor for your courtesy and consideration.

Respectfully submitted,

Ephraim Savitt

cc: Clerk of the Court (KAM)
   AUSA Carter Burwell
   Kissone Frederick